IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KALANA HALE | : | |
| Plaintiff, | : | |
| v. | : | 5:08-CV-333 (CAR) |
| WILLIAM ENDERS, individually and in his official capacity as a detective of the City of Macon Police Department, and THE CITY OF MACON | : | |
| Defendants. | : | |

*ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

Currently before the Court is the Motion for Summary Judgment [Doc. 18] of the City of Macon ("the City") and William Enders, in his official capacity only. For the reasons expressed herein, Defendants' Motion for Summary Judgment [Doc. 18] is **GRANTED**.

Plaintiff's case presents the exact same legal issues as a companion case filed in this district by her sister before Judge Hugh Lawson, Williams v. Enders, No. 5:08-CV-335 (HL), 2010 WL 989978 (M.D. Ga. Mar. 16, 2010). Both cases have exactly the same Defendants, attorneys, complaints, and evidence; only the plaintiffs differ. Both suits were brought against the City of Macon and Enders, individually and in his official capacity as a detective, alleging that the sisters' Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution, as well as certain state constitutional rights, had been violated. Both sisters contend that they were

subjected to sexual assault, attempted battery[1], false imprisonment, and negligent and intentional infliction of emotional distress. Both cases seek to hold Enders liable in both his individual and official capacities, and to hold the City liable for failing to adequately train, direct, supervise, screen, and control Enders. While the specific facts surrounding Plaintiff and her sister may differ, those factual differences have no legal significance to the Court's analysis regarding the City's liability.

Like in the case at bar, Defendants filed a motion for summary judgment in the case before Judge Lawson. That motion presented the exact same legal issues and arguments as the Motion currently pending before this Court. Judge Lawson recently ruled on the motion wherein he granted summary judgment for Defendants. In his order, Judge Lawson found that the City was not liable for the actions of Enders. This Court is now confronted with the exact same evidence presenting exactly the same legal issues and arguments that Judge Lawson has already faced and ruled upon.

While this Court is not bound by the opinions of a sister court within this district, the decisions of fellow district court judges are persuasive authority. Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd., 240 F.3d 956, 965 (11th Cir. 2001). This Court is persuaded by Judge Lawson's logic and reasoning in his order and therefore adopts such logic and reasoning for the disposition of the current Motion. Because the evidence, arguments, and legal issues are the same in both cases, and the factual differences have no bearing on the Court's analysis concerning the City's liability, instead of re-writing Judge Lawson's order, the Court attaches the order in its entirety to dispose of the Motion currently at bar.

---

[1] Although Plaintiff's Complaint alleges attempted battery while her sister's complaint alleges battery, this factual difference has no impact on the Court's legal analysis and disposition of the current Motion.

## CONCLUSION

For the reasons explained in Judge Lawson's order in <u>Williams v. Enders</u>, No. 5:08-CV-335 (HL), 2010 WL 989978 (M.D. Ga. Mar. 16, 2010) (attached hereto), the Motion for Summary Judgment [Doc. 18] of the City and Enders, in his official capacity, is **GRANTED**. The case against Enders, individually, will be set for the next trial term in Macon, Georgia.

**SO ORDERED** this 28th day of April, 2010.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

APG/ssh